NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN LAIRD, individual, | No. 22-55780 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-02313-FLA-AS |
| v. | |
| UNITED TEACHERS LOS ANGELES, a labor organization; LOS ANGELES UNIFIED SCHOOL DISTRICT, a political subdivision of the State of California; ROB BONTA, in his official capacity as Attorney General of California, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted October 19, 2023[**]
San Francisco, California

Before:  W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

Glenn Laird appeals from the district court's dismissal of his 42 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1983 action alleging that the unauthorized deduction of union dues from his pay violated his First and Fourteenth Amendment rights under *Janus v. American Fed'n of State, Cnty., and Mun. Employees, Council 31*, 138 S. Ct. 2448 (2018). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Wright v. SEIU Loc. 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 749 (2023). We may affirm on any ground supported by the record. *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023). We affirm.

1. The district court properly dismissed the section 1983 claims Laird alleged against his former union United Teachers Los Angeles ("UTLA"). UTLA did not engage in state action when it relayed the dues authorization to Laird's former state employer, the Los Angeles Unified School District ("LAUSD").

Actions by a private actor may be subject to section 1983 liability if the plaintiff can show that the conduct was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). To establish fair attribution, two prongs must be met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed the [S]tate or by a person for whom the State is responsible," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. Neither prong is met here.

2

First, assuming that Laird validly revoked his dues deduction authorization in June 2020, UTLA's request that LAUSD continue making deductions violated state law. *See* Cal. Educ. Code § 45060(a) ("Any revocation . . . shall be effective provided the revocation complies with the terms of the written authorization."). Thus, UTLA's alleged misrepresentation was "antithetical to any 'right or privilege created by the State.'" *Wright*, 48 F.4th at 1123 (quoting *Lugar*, 457 U.S. at 937).

Second, Laird argues that UTLA is a state actor under the "joint action" or "governmental nexus" tests. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). In *Belgau v. Inslee*, we held that the mere fact that a state transmits dues payments to a union does not give rise to a section 1983 claim against the union under the "joint action" test. 975 F.3d 940, 947–49 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021). Nor would a state employer's "ministerial processing of payroll deductions pursuant to [e]mployees' authorizations" create sufficient nexus between a state and a union to subject the union to section 1983 liability. *Id.* at 947–48 & n.2; *see also Wright*, 48 F.4th at 1122 & n.6.

2. The district court properly dismissed Laird's nominal damages claim against the Attorney General because it is barred by Eleventh Amendment sovereign immunity. We have recognized "that, 'absent waiver by the State or valid congressional override,' state sovereign immunity protects state officer

defendants sued in federal court in their official capacities from liability in damages, including nominal damages." *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Laird has not shown waiver by the State or valid congressional override.

**AFFIRMED.**